## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VERA BARNES,
on behalf of L.T.,

                    Plaintiff,

v.                                                    Case No. 8:24-cv-333-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security,[1]

                    Defendant.
_____

## OPINION AND ORDER[2]

## I.   Status

Vera Barnes ("Plaintiff"), on behalf of L.T. ("Claimant"), is appealing the

Commissioner of the Social Security Administration's ("SSA's") final decision

finding that although Claimant was entitled to supplemental security income

("SSI") benefits as a child, upon continuing review, she no longer met the

definition of disabled and therefore her benefits should cease. Claimant's

---

[1]     Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

alleged disability is the result of issues with focus and behavior, poor impulse control, inability to follow through, attention deficit hyperactivity disorder ("ADHD"), and asthma. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed March 29, 2024, at 121-22, 306. The determination that Claimant was no longer entitled to SSI was made by the SSA initially, Tr. at 154, 155, 172-78, and upon reconsideration and review by a state agency disability hearing officer, Tr. at 156-64, 165-70, 171, 181-86, 187-96.

Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Tr. at 198. On July 28, 2022, the ALJ held a hearing, during which Plaintiff testified about Claimant's impairments and how they affect her.[3] Tr. at 84-106. On June 1, 2023, the ALJ issued a Decision finding Claimant's disability ended on February 1, 2021 and Claimant has not become disabled again since that date. See Tr. at 11-25.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a self-authored statement, together with additional medical and academic evidence. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 47-83 (statement and additional evidence), 244 (request for review). On

---

[3]         Claimant did not appear for the hearing. Tr. at 86. The hearing was held via telephone with Plaintiff's consent. Tr. at 86, 223-24, 240. Plaintiff was advised of the right to representation at the hearing but elected to proceed without representation. Tr. at 87-89.

December 11, 2023, the Appeals Council denied Plaintiff's request for review,
Tr. at 1-4, thereby making the ALJ's Decision the final decision of the
Commissioner. On February 5, 2024, Plaintiff commenced this action under 42
U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint
(Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ "fail[ed] to adequately address
whether [] Claimant met or equaled Listing 112.05B." Memorandum in
Opposition to the Commissioner's Decision (Doc. No. 22; "Pl.'s Mem."), filed July
29, 2024, at 4 (emphasis and capitalization omitted). On August 27, 2024,
Defendant responded to Plaintiff's argument by filing a Memorandum in
Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem."). After a
thorough review of the parties' arguments and the record, the undersigned finds
that the Commissioner's final decision is due to be affirmed.

## II.    The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ typically
follows the five-step sequential inquiry set forth in the Code of Federal
Regulations ("Regulations"), determining as appropriate whether the claimant

---

[4]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

When the ALJ is determining whether a child's disability has ended, however, the Regulations mandate following a different sequential inquiry. See 20 C.F.R. §§ 404.1594a(f), 416.994a(b). This sequential inquiry asks, in substance: (1) whether the claimant has experienced medical improvement; (2) if the previous disability determination was based on the claimant meeting or medically equaling a listing, whether the current impairments meet or medically equal the same listing as it was written at the time of the previous disability finding; or, if previously found to be functionally equivalent to a listing, whether the current impairments functionally equal the listings; and

(3) whether the claimant is currently disabled under the rules set forth in 20 C.F.R. § 416.924(c) and (d). See 20 C.F.R. §§ 404.1594a(f), 416.994a(b).[5]

> Here, the ALJ found as follows:
>
> 1.    The most recent favorable medical decision finding that [C]laimant was disabled is the determination dated June 26, 2018. This is known as the "comparison point decision" or CPD.
>
> 2.    At the time of the CPD, [C]laimant had the following medically determinable impairments: attention deficit hyperactivity disorder (ADHD) and a speech and language impairment. These impairments were found to functionally equal the listings.

Tr. at 14 (emphasis and citations omitted).

The ALJ then engaged in the steps in the sequential inquiry. At step one, the ALJ found that "[m]edical improvement occurred as of February 1, 2021." Tr. at 15 (emphasis and citation omitted). The ALJ determined that "[s]ince February 1, 2021, [C]laimant has had the following severe impairments: asthma; [ADHD]; speech and language impairment; intellectual disability; oppositional defiant disorder." Tr. at 16 (emphasis and citation omitted). At steps two and three, the ALJ found that "[s]ince February 1, 2021, [C]laimant has not had an impairment or combination of impairments that meets or

---

[5]    "When considering a case for termination or cessation of benefits, . . . the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the [p]laintiff had experienced 'medical improvement.'" Townsend v. Comm'r of Soc. Sec., No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015) (unpublished) (emphasis omitted) (citing Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir. 1982), superseded by statute on other grounds as stated in Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991); Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986).

medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1," and that since the same date, "[C]laimant has not had an impairment or combination of impairments that functionally equals the listings." Tr. at 16 (emphasis and citation omitted). The ALJ concluded that "[C]laimant's disability ended on February 1, 2021, and [C]laimant has not become disabled again since that date." Tr. at 25 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to

reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the ALJ erred in determining that Claimant does not meet or equal Listing 112.05B. Pl.'s Mem. at 4-6. According to Plaintiff, Claimant likely meets or equals the requirements, but the ALJ did not discuss the Listing. <u>Id.</u> Recognizing that the ALJ is permitted to "make implicit findings" as to the Listings questions, Plaintiff nevertheless argues "it does not appear that adequate consideration, either explicit or implicit, was given as to whether [C]laimant met the criteria under Listing 112.05B." <u>Id.</u> at 5. Responding, Defendant contends the ALJ is not required to explicitly address individual Listings, and the ALJ's overall Decision is supported by substantial evidence. Def.'s Mem. at 7-10.

The burden generally rests on the claimant to prove the existence of a Listing-level impairment. <u>Carnes v. Sullivan</u>, 936 F.2d 1215, 1218 (11th Cir. 1991); <u>Barclay v. Comm'r of Soc. Sec. Admin.</u>, 274 F. App'x 738, 741 (11th Cir.

2008). Mere diagnosis of a listed impairment is not sufficient. See, e.g., id.; see also Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). "To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson, 284 F.3d at 1224 (internal quotations and citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." Id. (internal quotations and citations omitted).

An ALJ is not required to make explicit findings as to whether particular listings are met or equaled (although such findings are helpful to a reviewing Court). See Bailey v. Soc. Sec. Admin., Comm'r, 782 F. App'x 838, 841-42 (11th Cir. 2019) (citing Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986)). As long as the ALJ's overall findings on the listing question are supported by substantial evidence, an ALJ's decision will be affirmed. See id.

Listing 112.05B, addressing intellectual disorder for children age 3 to attainment of 18, is satisfied by evidence of:

> 1. Significantly subaverage general intellectual functioning evidenced by a or b:
>
> a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
>
> b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or

comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

a. Understand, remember, or apply information (see 112.00E1); or

b. Interact with others (see 112.00E2); or

c. Concentrate, persist, or maintain pace (see 112.00E3); or

d. Adapt or manage oneself (see 112.00E4).

20 C.F.R. Pt. 404, Subpt. P. App. 1, § 112.05B.

Here, the ALJ found that Claimant's impairments do not meet or medically equal a listing but did not explicitly address Listing 112.05B. Tr. at 16. Defendant assumes that Plaintiff met the burden of showing Claimant has the necessary IQ score and that Claimant has a marked limitation in understanding, remembering, and applying information. See Def.'s Mem. at 8. The ALJ essentially so found, in other areas of the Decision and addressing other matters. See Tr. at 17-18 (discussing IQ scores), 19 (ALJ finding marked limitation in acquiring and using information).

The narrow question is whether Plaintiff showed Claimant met the requirement of a marked (or extreme) limitation in concentrating, persisting, and maintaining pace. See Pl.'s Mem. at 6. In arguing Claimant met the

requirement, Plaintiff points to a "subtest area of processing speed" being "extremely low." <u>Id.</u> (citing Tr. at 843). But, other unchallenged findings by the ALJ detract from Plaintiff's argument. The ALJ noted that "mental status examinations were normal in the areas of attention, concentration, and memory." Tr. at 19; <u>see, e.g.</u>, Tr. at 842, 895, 901. Further, the ALJ relied in part on the opinions of state agency consultants, neither of whom indicated Claimant met or equaled a Listing. Tr. at 18 (citation omitted); <u>see</u> Tr. at 147-49, 160-63 (state agency opinions).

In sum, Plaintiff did not show that Claimant met Listing 112.05B and, overall, substantial evidence supports the ALJ's conclusion that Claimant does not meet or equal a Listing.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 26, 2025.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record